**KELLER POSTMAN LLC**
Warren D. Postman (330869)
wdp@kellerpostman.com
Albert Y. Pak (*pro hac vice* forthcoming)
albert.pak@kellerpostman.com
Noah Heinz (*pro hac vice* forthcoming)
noah.heinz@kellerpostman.com
1100 Vermont Avenue, N.W. 12th Floor
Washington, D.C. 20005
Telephone: 202-918-1123

**LYNCH CARPENTER LLP**
Todd D. Carpenter (234464)
todd@lcllp.com
James B. Drimmer (196890)
jim@lcllp.com
1234 Camino del Mar
Del Mar, CA 921014
Telephone: 619-762-1910

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice* forthcoming)
scott@kitnerwoodward.com
Martin Woodward (*pro hac vice* forthcoming)
martin@kitnerwoodward.com
Matthew Zevin (170736)
mzevin@aol.com
13101 Preston Road, Suite 110
Dallas, TX 75240

*Attorneys for Petitioners*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ANA BERNAL, AMIEE MARQUEZ, KRISTA KELLEY, MELANIE SIMPKINS, PATRICIA JUAREZ, and CLARA ROA,<br><br>*Petitioners*,<br><br>vs.<br><br>KOHL'S CORPORATION., a Wisconsin Corporation, and KOHL'S, INC., a Wisconsin Corporation,<br><br>*Respondents*. | Case No. 5:23-cv-1779<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION** |

Petitioners file this Petition for an Order compelling Respondents Kohl's Corporation and Kohl's, Inc. to arbitration.

## NATURE OF THE PETITION

1. Petitioners are Ana Bernal, Patricia Juarez, Krista Kelley, Amiee Marquez, Clara Roa, and Melanie Simpkins, individuals who purchased products from Kohl's through its website and later learned that Kohl's had used false and deceptive marketing to induce them to buy the products.

2. Each Petitioner made online purchases from Kohl's, which required signing an arbitration clause. *See* November 3, 2020 Terms & Conditions ("2020 Terms") (Pak Decl. Ex. A); July 13, 2022 Terms & Conditions ("2022 Terms") (Pak Decl. Ex. B). The arbitration agreement in those Terms designated AAA as the arbitration forum, and it specified that AAA's Consumer Arbitration Rules would govern arbitration. It also required a pre-arbitration notification process designed to facilitate settlement before arbitration. *Id.* at 5.

3. As directed by the arbitration agreement, in December 2022, each Petitioner properly began this dispute-resolution process by serving on Kohl's a Notice of Dispute. *See* Pak Decl. ¶ 6; Pak Exs. E–J. Petitioners initiated the necessary contractual process for "the party seeking arbitration." 2020 Terms at 4; *accord* 2022 Terms at 4.

4. But Kohl's did not wish honor the terms of its contract. Instead, it drafted new terms and conditions to erect substantial burdens on Petitioners. *See* May 22, 2023 Terms & Conditions ("2023 Terms") at 4 (Pak Decl. Ex. D). Beyond the burdens, the new terms designated National Arbitration and Mediation as the arbitral forum; they also added a convoluted "mass claims" process in which only certain claims would be arbitrated while the rest would "**be delayed**" pending a global settlement. *Id.* at 6.

5. On May 22, 2023, Kohl's posted these new terms and conditions to its website. *See* 2023 Terms. Instead of assenting to the 2023 Terms, each Petitioner, on May 22, 2023, filed a formal arbitration demand with AAA and paid all applicable filing fees. *See* Pak Decl. ¶ 7; Exs. K–Q (arbitration demands and letter from AAA confirming the filing).

6. After receiving Petitioners' demands, AAA asked Kohl's to confirm it would comply with the AAA rules, as required by its arbitration agreement. *See* June 7, 2023 AAA Letter (Pak Decl. Ex. Q). Kohl's refused, and never paid the fees triggered by Petitioners' properly filed arbitration demands.

7. Due to Kohl's refusal to proceed or pay filing fees as required by its own agreement, AAA administratively closed the arbitrations, specifically noting that "Kohl's failed to comply with the AAA's policies . . . including the Costs of Arbitration" policies. *See* June 7, 2023 AAA Letter (Pak Decl. Ex. Q); *see also* June 20, 2023 AAA Letter (Pak Decl. Ex. R) (administratively closing Petitioners' arbitrations "because Kohl's has confirmed they will not register their consumer arbitration agreement on the Consumer Clause Registry and because Kohl's has previously not complied with our Consumer Arbitration Rules ('Rules') and Consumer Due Process Protocol ('Protocol')").

8. Petitioners now ask this Court to compel arbitration before AAA under its Consumer Arbitration Rules.

## PARTIES

9. Petitioners are Ana Bernal, Patricia Juarez, Krista Kelley, Amiee Marquez, Clara Roa, and Melanie Simpkins. *See* Petitioner Declarations.

10. Kohl's Corporation and Kohl's Inc. are Wisconsin corporations headquartered in Menomonee Falls, Wisconsin.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under 9 U.S.C. § 4 and 28 U.S.C. § 1332 because the underlying controversy is between citizens of California (Petitioners) and a foreign corporation (Kohl's).

12. The amount in controversy exceeds $75,000. This includes the remedies available for the underlying claims, as well as attorney fees, to which Petitioners will be entitled if they prevail.

13. The Court has personal jurisdiction over Kohl's because the claims arise out of business it conducted in California with California residents.

14. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim (namely, the falsely discounted sales) occurred here.

15. The action is properly assigned to the Eastern Division under General Order NO. 23-05 provision I.B.1.a.(1)(c)(2) because 50% or more of the plaintiffs who reside in this district reside in the Eastern Division, and the case is not assignable to the Southern Division under provision I.B.1.a.(1)(c)(1).

## BACKGROUND

16. Petitioners in this action made purchases over the last few years through kohls.com, and so each one agreed to the 2020 or 2022 Terms, or both. *See* Petitioner Declarations.

17. The 2020 Terms and the 2022 Terms contain the same arbitration agreement ("AAA Arbitration Agreement"). *See* Pak Decl. Ex. C (showing that there are no differences between the arbitration agreement in the 2020 Terms and 2022 Terms). Those Terms include a binding arbitration provision, which unambiguously applies to "all 'Disputes,'" including the false discount claims at issue here.

18. The Terms have a broad delegation clause, requiring that an "arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute related to the interpretation, applicability, enforceability or formation of this Arbitration Agreement." *Id.* at 4. Arbitrations were to proceed with AAA, a well-respected non-profit organization.

19. The Terms allowed for the arbitration to occur "in the county where you live." *Id.*

20. Petitioners all reside in California. *See* Petitioner Declarations. They each purchased clothing or other goods from kohls.com which Kohl's claimed to be selling at a discount. *Id.* But those discounts were, in truth, the ordinary prices, since the prices were *always* discounted, which is unlawful under California law. *See* Pak Decl. Exs. K-P (asserting claims under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et*

*seq.*, the False Advertising Law, Cal. Bus. & Prof. Code §§ 17501 *et seq.*, and the Consumer Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq.*). Kohl's has previously paid millions of dollars to settle claims arising out of these deceptive pricing practices. *See* Melissa LaFreniere, *Kohl's Fake Sale Class Action Settlement*, Top Class Actions (May 12, 2016), bit.ly/41dAeLz.

21. Each Petitioner served on Kohl's a Notice of Dispute in December 2022. *See* Pak Decl. ¶ 6; Pak Decl. Exs. E–J. By serving a Notice of Dispute, Petitioners initiated the necessary contractual process for "the party seeking arbitration." 2020 Terms at 4; *accord* 2022 Terms at 4.

22. Without any notice, Kohl's posted a new version of its Terms on May 22, 2023. *See* 2023 Terms. The new Terms purported to apply to claims that "arose before you entered into these Terms" even if the claims "are subject to ongoing litigation." *Id.* at 4. The Terms sharply limited the delegation clause, and changed the arbitration provider, among other changes.

23. Kohl's wishes to force Petitioners to arbitrate under the 2023 Terms, and has not complied with its obligation to arbitrate with AAA. Under AAA's Rules, registering its clause required that Kohl's pay a "nonrefundable review and Registry fee" in addition to "other filing fees that are owed." AAA Consumer Rule 12. Until Kohl's agreed to comply with AAA's rules and pay the applicable fees, "absent a court order, the AAA will be unable to provide arbitration administration to the parties." *Id.* Kohl's did not comply, did not register its agreement, and did not pay the required fees. So, on June 20, 2023, AAA closed its files on Petitioners' arbitration demands, noting that "[w]ere Kohl's to register its consumer arbitration clause in the future with the AAA's Registry, Kohl's would need to pay the fee to register their clause." June 20, 2023 AAA Letter (Pak Decl. Ex. R).

24. Petitioners then filed this action in Court so that AAA would be able to arbitrate these disputes.

25. Because Kohl's has acted in bad faith in refusing to arbitrate, Petitioners are also entitled to sanctions.

26. Every Petitioner is a resident of California who was entitled "to have the arbitration conducted … in the county where you live." 2020 Terms at 4; *accord* 2022 Terms at 4. The California Legislature has codified remedies for a breach of an agreement to arbitrate in California. *See* S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), codified at Cal. Code Civ. P. § 1281.97.

27. Specifically, Section 1281.97 provides:

> (a) In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration administrator, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement…
>
> (b) If the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may …:
>
> (2) Compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration.

28. Kohl's behavior triggers mandatory sanctions under that provision. Kohl's is the "drafting party," since it is "the company or business that included a predispute arbitration provision in a contract with a consumer." *Id.* § 1280(e). Petitioners brought arbitrations under the 2020 or 2022 Terms against Kohl's in which "the rules of the arbitration administrator," here AAA, require Kohl's to "pay certain fees and costs before the arbitration can proceed." § 1281.97(a). And even though Petitioners paid their fees, Kohl's paid none of its required fees. *See* Pak Decl. Ex. R.

29. Accordingly, Petitioners here, as "consumer[s,] may … [c]ompel arbitration in which the drafting party *shall pay reasonable attorney's fees and costs* related to the arbitration." § 1281.97(b)(2).

## CONCLUSION

30. Each Petitioner and Kohl's have entered into an agreement requiring them to arbitrate the false discount claims underlying this Petition.

31. Kohl's breached that agreement by refusing to comply with AAA's requirements, as they must to arbitrate the claim with AAA.

32. Until they comply, Petitioners cannot arbitrate the claims, as they are contractually entitled to do.

33. Accordingly, the Court should compel Kohl's to arbitrate under 9 U.S.C. § 4, and should impose sanctions.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that this Court:

34. Enter an Order requiring that Kohl's arbitrate each Petitioner's claims with AAA, including by registering its agreement with AAA and paying necessary fees.

35. Grant sanctions under S.B. 707 in Petitioners' favor, including attorney fees and costs related to the arbitrations.

Dated: September 1, 2023

**KELLER POSTMAN LLC**

*/s/ Warren D. Postman*
Warren D. Postman (330869)
wdp@kellerpostman.com
Albert Y. Pak (*pro hac vice forthcoming*)
albert.pak@kellerpostman.com
Noah Heinz (*pro hac vice forthcoming*)
noah.heinz@kellerpostman.com
1100 Vermont Avenue, N.W.
12th Floor
Washington, D.C. 20005
Telephone: 202-918-1123

**KITNER WOODWARD PLLC**
Scott A. Kitner (*pro hac vice forthcoming*)
scott@kitnerwoodward.com
Martin Woodward (*pro hac vice forthcoming*)
martin@kitnerwoodward.com
Matthew Zevin (170736)
mzevin@aol.com
13101 Preston Road, Suite 110
Dallas, TX 75240

**LYNCH CARPENTER LLP**
Todd D. Carpenter (234464)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

todd@lcllp.com
James B. Drimmer (196890)
jim@lcllp.com
1234 Camino del Mar
Del Mar, CA 921014
Telephone: 619-762-1910

*Attorneys for Petitioners*