UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1779 PA (SHKx) | Date | September 7, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohls Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**  **IN CHAMBERS — ORDER TO SHOW CAUSE**

The Petition for Order Compelling Arbitration ("Petition") filed in this action seeks an order requiring that Kohl's Corporation and Kohl's, Inc. ("Defendants") arbitrate the petitioners' claims for damages pursuant to California's Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200 et seq., False Advertising Law, Cal. Bus. & Prof. Code §§ 17501 et seq. and the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.  The Petition alleges that the Court has subject matter jurisdiction "over this action under 9 U.S.C. § 4 and 28 U.S.C. § 1332 because the underlying controversy is between citizens of California (Petitioners) and a foreign corporation (Kohl's)" and the "amount in controversy exceeds $75,000."  (Pet. at ¶¶ 11 & 12.)

This Court has a continuing obligation to assess its subject matter jurisdiction, and may consider the issue sua sponte at any stage of the proceedings.  See, e.g., Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004).  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).

The Petition's reference to the Federal Arbitration Act ("FAA") does not adequately allege a basis for the Court's subject matter jurisdiction over this action.  See 28 U.S.C. § 1331.  The FAA is "'something of an anomaly in the realm of federal legislation: It 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute.  Given the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play as enforcers of agreements to arbitrate." Vaden v. Discover Bank, 556 U.S. 49, 59, 129 S. Ct. 1262, 1271-72, 173 L. Ed. 2d 206 (2009) (quoting Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82, 129 S. Ct. 1396, 1402, 170 L. Ed. 2d 254 (2008)).  The United States Supreme Court has explained that for federal courts to possess subject matter jurisdiction over actions to confirm or vacate arbitration awards, "[t]here must be diversity of citizenship or some other independent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1779 PA (SHKx) | Date | September 7, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohls Corp., et al. | | |

basis for federal jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32, 103 S. Ct. 927, 942 n.32, 74 L. Ed. 2d 765 (1983).

To establish diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In this case, each of the six petitioners allege that they purchased products from defendants through Defendants' website and later learned that Defendants used false and deceptive marketing to induce them to purchase. (Pet. at ¶ 1). The demand letters filed in support of the Petition estimate the total monetary amount in dispute is $2,500 for each petitioner. (Pet. Exs. E-J). Moreover, the individual declarations submitted in support of the Petition demonstrate that plaintiffs purchased items from defendants separately, with different order numbers and different dates. (Docket Nos.1-22 to 1-27). When multiple parties bring separate and distinct claims, the "anti-aggregation rule" requires that the Court determine the amount in controversy by analyzing the value of individual claims for relief without aggregation. Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013).

Because it does not appear that the Court possesses federal question jurisdiction over this action, and the Petition also does not appear to plausibly allege facts suggesting that the value of any one petitioner's claim exceeds the jurisdictional minimum to satisfy the amount in controversy requirement for diversity jurisdiction, the Court orders petitioners to show cause in writing why the Court should not dismiss the Petition for lack of subject matter jurisdiction. Petitioners are to submit their response no later than September 21, 2023.

In responding to this Order to Show Cause, petitioners shall identify the total amount of damages each individual seeks to recover. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice.

IT IS SO ORDERED.