JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Petitioners: | Attorneys Present for Respondents: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion," Docket No.37) filed by respondents Kohl's Corporation and Kohl's, Inc. ("Kohl's" or "Respondents"). Petitioners Ana Bernal, Patricia Juarez, Amiee Marque and Clara Roa ("Petitioners")[1] have filed an opposition (Docket No. 39), and Respondents have filed a reply (Docket No. 45). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for November 20, 2023 at 1:30 p.m., is vacated, and the matter taken off calendar.

**I.   Factual and Procedural Background**

Petitioners filed their Petition for an Order Compelling Arbitration ("Petition") on September 1, 2023. The Petition alleges that Petitioners purchased certain products from Kohl's website and later learned that Kohl's used false and deceptive marketing practices.[2] Specifically, Petitioners allege that Kohl's claimed to sell merchandise at a discount, but because the items were always sold at a discounted price, those claims were false and in violation of California law. (Petition ¶¶ 2-3, 20.) The Petition further alleges that Petitioners made their purchases subject to certain terms and conditions that included a mandatory arbitration clause designating AAA as the arbitration forum, and setting forth a dispute resolution process. (Id. at ¶ 2.) The Petition alleges that the purchases at issue were subject to either the terms and conditions set forth by Kohl's in November 3, 2020 or July 13, 2022 ("Terms and

---

[1]   The petition to compel arbitration was originally filed on behalf of two additional petitioners, Krista Kelley and Melanie Simpkins. Petitioners Kelley and Simpkins filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) on October 23, 2023. (Docket No. 38.)

[2]   The Petitioners' Declarations establish that Ms. Bernal made her purchases on June 29, 2021, August 23, 2021 and December 3, 2021. Ms. Juarez made her purchases on December 2, 2020, March 21, 2021, June 11, 2021, October 2, 2022 and December 11, 2022. Ms. Marquez made her purchase on November 13, 2021, and Ms. Roa made her purchases on October 2, 2022 and December 11, 2022. (Docket Nos. 1-22, 1-23, 1-26 and 1-27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

Conditions"). (Petition at ¶17.) The Terms and Conditions include a mandatory arbitration agreement for any claim arising out the terms of use, as well as a forum selection clause requiring any dispute not subject to the arbitration agreement be litigated in the state or federal courts of Waukesha County, Wisconsin.[3/]

The Petitioners allege that in December 2022, they initiated the dispute resolution process set forth in the Terms and Condition's arbitration agreement by serving Kohl's with a Notice of Dispute, and that Kohl's responded by updating its terms and conditions on May 22, 2023 ("May 2023 Terms and Conditions"). The May 2023 Terms and Conditions call for arbitration with National Arbitration and Mediation ("NAM") and provide for a consolidated arbitration process for disputes that are part of a "Mass Filing." (Docket No. 1-5 at p. 7.) After Kohl's updated its terms and conditions, Petitioners' counsel filed 54,495 identical arbitration demands with the AAA, including those of the Petitioners. Respondents contend that these arbitration requests were designed to force Kohl's into a settlement because once the arbitration demands were filed with the AAA, Kohl's was subject to more than $100 million in arbitration fees.[4/] In June 2023, the AAA declined to administer the arbitrations filed by Petitioners' Counsel.[5/] (Docket No. 46-1.)

**II.    Legal Standard**

Under 28 U.S.C. § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." The section 1404 transfer analysis has two steps: (1) determining whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, determining whether transfer would serve the convenience of parties and witnesses and the "interest of justice." See 28 U.S.C. § 1404(a). The "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. A court may transfer venue in response to a motion by either party in the case, or upon its own motion. See

---

[3/]    Because the provisions relating to arbitration and forum selection in both versions of the Terms and Conditions are identical, the Court does not need to determine which are operative for purposes of deciding this Motion.

[4/]    If the Petitioners had filed an arbitration request with NAM under the May 2023 Terms and Conditions Kohl's would be not required to pay as much in arbitration fees. The record, however, does not specify the exact amount that Kohl's would need to pay to NAM to arbitrate the consumer claims in a Mass Filing format.

[5/]    Kohl's also contends that the AAA had informed Kohl's that would not administer consumer disputes, and that Petitioners' counsel were aware that this was the case before they filed more than 50,000 arbitrations with AAA.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) (quoting Weight Watchers Int'l, Inc. v. Stouffer Corp., No. 88 CIV 7062 (MBM), 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989)).

"Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 59, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (Kennedy, J., concurring)).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Atl. Marine, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight," and instead "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 63. Second, the court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. at 64. Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. Upon transfer, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 65-66.

**III.    Analysis**

Respondents seek to have this action transferred to the Eastern District of Wisconsin, which they argue is the venue required by a forum-selection clause in the Terms and Condition's arbitration agreement governing Petitioners' purchases from Kohl's. (Petition ¶ 16.) The relevant Terms and Conditions contain an Arbitration Agreement that provides:

> You and Kohl's agree that...the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and federal arbitration law apply to this Arbitration Agreement and govern all questions as to whether a dispute is subject to arbitration..
>
> **Exclusive venue.** ...[I]n any circumstances where the foregoing arbitration agreement permits either you or Kohl's to litigate any dispute arising out of or relating to the subject matter of these Terms of Use in court, then the foregoing arbitration agreement will not apply to either party, and both you and Kohl's agree that any judicial proceeding (other than small claims actions) will be brought in

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

the state of federal courts located in, respectively, Waukesha County, Wisconsin, or the federal district in which that county falls.

Respondents argue that this forum-selection clause applies to the Petition, and that the clause is valid and enforceable. In response, Petitioners argue that: (1) Kohl's failed to demonstrate that a valid forum selection clause exists; (2) if Kohl's has established the existence of a forum selection clause it does not apply to this Petition; and (3) if the forum selection clause does apply to this Petition, it is invalid.

### A. Existence of the Forum Selection Clause

Petitioners argue that the forum selection clause does not apply to their dispute with Kohl's because Kohl's denied the existence of a contractual agreement between the parties by refusing to arbitrate their false pricing dispute under the Terms and Conditions. In their Petition seeking to enforce the Terms and Conditions, however, Petitioners admit that they agreed to the 2020 or 2022 Terms, or both...." (Petition ¶ 16.) This entire dispute is thus premised on Petitioners' contention that the Terms and Conditions–that also contain the forum selection clause–governs their purchase transaction with Kohl's and affords the relief sought in their Petition. Simply stated, the Petitioners cannot pick and choose the provisions in the Terms and Conditions that they would like to rely on and those they would like to ignore. Accordingly, the Court concludes that the forum selection clause in the arbitration agreement contained in the Terms and Conditions applies to this matter.. See Ponomarkenko v. Shapiro, 287 F. Supp. 3d 816, 837 (N.D. Cal. 2018) (plaintiff "cannot have it both ways" by alleging that he has been harmed by defendants' breach of their agreement, and also challenging the same agreement for purposes of invalidating the forum selection clause).

### B. Scope of the Forum-Selection Clause

Federal law applies to the interpretation of a forum-selection clause. Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013); Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). The Court thus "look[s] for guidance 'to general principles for interpreting contracts.'" Doe 1, 552 F.3d at 1081 (quoting Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999)). Petitioners argue that forum selection clause does not apply to their Petition to Compel Arbitration. Respondents contend that the forum selection clause applies to any dispute – including this one – that the arbitration agreement in the Terms and Conditions permit to be litigated in the courts. The Court agrees.

The Terms and Conditions state that the parties agree that "the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and federal arbitration law apply to this Arbitration Agreement and govern all questions as to whether a dispute is subject to arbitration." (Docket No. 1-4 at p. 5.) The Federal Arbitration Act, in turn, permits a party to file a petition to compel arbitration in the United States District Courts. 9 U.S.C.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

§ 4. The Terms and Conditions further provide that in any circumstance where the arbitration agreement permits the litigation of a dispute in court, the judicial proceeding will be brought in the state or federal courts located in Waukesha County, Wisconsin. Thus, because the Petition to Compel Arbitration is an action brought pursuant to the Federal Arbitration Act (Petition ¶¶ 11, 33), it is expressly permitted by the Terms and Conditions to be litigated in court, and is subject to the forum selection clause.

The Court concludes that the Terms and Conditions require that Petitioners litigate this dispute in the courts located in Waukesha County, Wisconsin which is located in the Eastern District of Wisconsin. 28 U.S.C. § 130(a). Accordingly, the forum-selection clause in the Terms and Conditions encompasses this dispute and, if enforceable, mandates transfer to the Eastern District of Wisconsin.

    **C.    Enforceability of the Forum-Selection Clause**

Federal law determines the validity and enforceability of a forum-selection clause. Doe 1, 552 F.3d at 1083; LaCross, 95 F. Supp. 3d at 1203. "[F]orum section clauses are presumptively valid." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (discussing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); and citing Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Id. (quoting Bremen, 407 U.S. at 15). There are "three reasons that would make enforcement of a forum selection clause unreasonable: (1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)); see Petersen, 715 F.3d at 280.

                  1.    <u>Whether the Forum-Selection Clause Was the Product of Fraud or Overreaching</u>

"[A] party opposing enforcement of a forum selection clause must show that the inclusion of the forum clause itself was the product of fraud or overreaching." Joseph, 2013 WL 4806462, at *5 (citing Richards, 135 F.3d at 1297); see LaCross, 95 F. Supp. 3d at 1204.

Petitioner's arguments focus on the assertion that there was unequal bargaining power and no opportunity to negotiate with Kohl's prior to making a purchase on the website. Petitioners also argue that is unreasonable to hold them to a forum selection clause that forces them to file a Petition to Compel Arbitration and then arbitrate in another state. Petitioners, however, rely on the very same Terms and Conditions that contain the forum selection clause to bring this Petition and enforce the arbitration agreement. Thus, not only do Petitioners admit that they agreed to the Terms and Conditions (and were not fraudulently induced to agree), they affirmatively rely on them in asserting their claims. The parties'

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

agreement cannot be enforceable in one respect but unconscionable in another.  Petitioners simply cannot have it both ways.

      Moreover, regarding Petitioners' argument that it is unreasonable for them to be forced to litigate in Wisconsin, it is unclear to the Court at this point in the proceedings where Petitioners – who reside in California – would be required to arbitrate their claims.  But even if Petitioners were required to arbitrate in Wisconsin, it is unlikely that Petitioners would need to make an appearance there.  As Respondents note in their Reply Brief, based on the sheer number of Petitioners represented by Petitioners' counsel (more than 50,000), Petitioners would need to rely on the use of "desk" arbitrations that are submitted on the papers and do not require a personal appearance.  Moreover, requiring consumers to bring petitions to compel arbitration in a company's home state under these circumstances is not the type of burden that supports a finding that a forum selection clause is unconscionable.  See <u>Sundesa, LLC v. IQ Formulations, LLC</u>, No. CV 19-6467 AB (MAAx), 2020 WL 8125541, at *3 (C.D. Cal. 2020) (forum selection clause requiring litigant to travel 3000 miles to litigate did not satisfy burden of demonstrating fraud, undue influence, overwhelming bargaining power or serious inconvenience).

      Accordingly, the Court finds that neither fraud nor overreaching renders the forum-selection clause unenforceable.

      2.     <u>Whether Petitioners Would Be Deprived of Their Day in Court</u>

      "A party seeking to escape [a] forum selection clause must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.  However, this is an extremely heavy burden to meet, and is not satisfied simply by a showing of additional expense.  In fact, courts have routinely rejected the notion that the expense or inconvenience of prosecuting an action in the designated forum rises to the level of depriving one of one's day in court . . . ."  <u>Trosper v. Synthes USA Sales, LLC</u>, No. CV 13-2126 RSWL (MRWx), 2013 WL 2898229, at *4 (C.D. Cal. June 12, 2013) (citations and internal quotation marks omitted).

      Petitioners will not be deprived of their day in court if this action is transferred to Wisconsin.  Federal courts in Wisconsin are just as capable of adjudicating this Petition as courts in this district, as evidenced by the fact that Petitioners' counsel recently filed a class action in the Western District of Wisconsin asserting the same claims as Petitioners' here.  (Docket No. 37-1 at p. 9).  Moreover, Petitioners would not be deprived of the remedy they argue is appropriate–arbitration in their home county–because a federal court in Wisconsin could grant their Petition and refer the matter to arbitration anywhere it deems appropriate under the Terms and Conditions pursuant to Section 3 of the Federal Arbitration Act.  Accordingly, the Court finds that enforcement of the forum-selection clause would not deprive Petitioners of their day in court.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-1779 PA (SHKx) | Date | November 17, 2023 |
|---|---|---|---|
| Title | Ana Bernal, et al. v. Kohl's Corporation, et al. | | |

      3.      Whether Enforcement of the Forum-Selection Clause Would Contravene A Strong Public Policy of California

"Absent a total foreclosure of remedy in the transferee forum, a forum-selection clause is only unreasonable when it contravenes a policy specifically related to venue." Lentini v. Kelly Servs., Inc., No. C17-03911 WHA, 2017 WL 4354910, at *3 (N.D. Cal. Oct. 2, 2017) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 497-98 (9th Cir. 2000)). Petitioners fail to meet their burden of identifying any such policy. Accordingly, the Court concludes that transfer of this action would not contravene California's public policy.

      **C.**      **Public-Interest Factors**

"Where there is a valid forum-selection clause, courts may nevertheless weigh public-interest factors in deciding whether to transfer." Lentini, 2017 WL 4354910, at *4 (citing Atl. Marine, 571 U.S. at 64). "Public interest factors include: '(1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum.'" Id. (quoting Bos. Telecomm'cns Grp. v. Wood, 588 F.3d 1201, 1211 (9th Cir. 2009)). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Atl. Marine, 571 U.S. at 64.

Petitioners do not attempt to argue that this is one of those "unusual cases" or that public interest factors are strong enough to outweigh the forum selection clause in this matter. Moreover, the public-interest factors in this matter either are neutral or support transfer, and thus support enforcement of the forum-selection clause in this case. See Melo v. Zumper, Inc., 439 F. Supp. 3d 683, 703 (E.D. Va. 2020) (transfer appropriate where there were no "exceptional public policy factors" sufficient to "outweigh the presumption enforcing the forum selection clause.").

### Conclusion

For the foregoing reasons, Respondents' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is granted. The Court hereby orders the Clerk to transfer this action to the United States District Court for the Eastern District of Wisconsin.

      IT IS SO ORDERED.